**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| DIMPLE MAUN, M.D.<br>      Plaintiff,<br>v.<br><br>AMY KOTLER, M.D. AND A TO Z<br>PEDIATRICS, LLC,<br>      Defendants. | Civil Action No.<br><br>14-cv-2669-KM-SCM<br><br>**OPINION AND ORDER**<br><br>[D.E. 13, 17, 22] |

STEVEN C. MANNION, United States Magistrate Judge.

### I.   INTRODUCTION

Defendant Amy Kotler, M.D. filed the instant motion to compel arbitration and to stay this litigation pending arbitration, [D.E. 13] pursuant to the parties' Operation Agreement and the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (1947) ("FAA"). This motion was filed *in lieu* of answering Plaintiff's Complaint. See (ECF Docket Entry (D.E.) 1, Complaint). Defendant Kotler claims that the aforementioned authority compels arbitration. Plaintiff does not contest this assertion. (D.E. 22). Defendant A to Z Pediatrics, LLC ("A to Z") motion to vacate entry of default is likewise uncontested. For the reasons set forth below, the respective motions to compel arbitration and stay are granted, as is the motion to vacate default.

### II.   BACKGROUND AND PROCEDURAL HISTORY

This matter arises from a contract dispute between plaintiff Dimple Maun, M.D., a citizen of Texas, and defendant Amy Kotler, M.D., a

1

citizen of New Jersey. (D.E. 1 at ¶¶ 1-2). These doctors formed A to Z, a New Jersey limited liability company, as a medical practice in about June or July 2009. (D.E. 1 at ¶¶ 1, 3, 6).

In or about July 2009, Dr. Maun and Dr. Kotler entered into an Operating Agreement which set forth various rights and responsibilities. Included among its provisions, Section 8.02, entitled "Retirement and Voluntary Withdrawal" provided:

> A Member may retire or resign from the Company after being a Member for at least three (3) years upon giving written notice to the Company (the "Withdrawal Notice"). The Withdrawal Notice shall specify an effective date for such Member's retirement or resignation which shall be no earlier than six ( 6) months after the date ofthe Withdrawal Notice. Any Member who shall so retire or resign is referred to hereinafter as a "Withdrawing Member". The Membership Interest of the Withdrawing Member shall be purchased by the Company or the Remaining Member for the purchase price and in accordance with the terms and conditions of Section 8.05 and Section 8.06 hereof, respectively.

[D.E. 1 at ¶ 9].

Dr. Maun withdrew from A to Z in 2012. (D.E. 1 at ¶¶ 28, 29). In 2013, Dr. Kotler sold A to Z to Zufall Health Center. (D.E. 1 at ¶ 43).

On April 28, 2014, Plaintiff filed a complaint in the United States District Court for the District of New Jersey against Defendant Kotler. (D.E. 1). The complaint alleged breach of contract, quantum merit, unjust enrichment, conversion, fraud, breach of fiduciary duty, breach of good faith, and other counts.

On June 3, 2014, Plaintiff requested entry of default. (D.E. 7). The Court subsequently granted a ten-day extension of time to respond to the Complaint. (D.E. 12).

On July 18, 2014, Defendant Kotler filed the instant motion *in lieu* of answer to the Complaint. (D.E. 13).

Default was entered against A to Z on August 1, 2014. Defendant A to Z moved to vacate default. (D.E. 17). Plaintiff has not opposed the motion to vacate default. (D.E. 25).

The Motions to Compel Arbitration and for A Stay and to Vacate Default were referred to the Undersigned on September 16, 2014.

### III. DISCUSSION

#### a. Federal Arbitration Act

Defendant's primary assertion is that the Federal Arbitration Act requires this Court to stay the proceedings pending arbitration. According to 9 U.S.C. § 3:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

There is a strong federal policy favoring arbitration, however, that policy "does not lead automatically to the submission of a

3

dispute to arbitration upon the demand of a party to the dispute." *Century Indemnity v. Underwriters, Lloyd's, London*, 584 F.3d 513 (3rd Cir. 2009). First, this Court must ascertain whether the parties have a valid agreement to arbitrate their disputes. *Rcm Technologies, Inc. v. Brignik Technology, Inc.*, 137 F.Supp.2d 550 (D.N.J., 2001)(citation omitted).

The Operating Agreement's arbitration provision provides, in pertinent part, as follows:

> 16.11 Dispute Resolution Procedure. Except as may be necessary to enforce the provisions of Article XII by temporary injunction, permanent injunction or other equitable relief, any controversy or claim arising out of, or related to, this agreement or the breach thereof, shall be settled by arbitration in Morris County, New Jersey in accordance with the rules then obtaining of the American Health Lawyers Alternative Dispute Resolution Service, and judgment upon any award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof. The results of the arbitration shall be final and binding on both parties. The fees of the arbitrator shall be borne equally by the parties.

[D.E. 13-4 at 31].

This provision requires the parties to settle any controversy or claim relating to the Agreements via arbitration. (D.E. 13-4). Agreements of this sort are "valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Plaintiff does not dispute the validity of the arbitration provision and does not even oppose arbitration, except as to Defendant Kotler's potential counter claims which have not been pled in this matter. See (D.E. 22, Pl. Brf. at 4(Dr. Maun contends that "Dr.

4

Kotler's claim for intentional infliction of emotional distress does not arise out of or relate to the Operating Agreement and therefore" Plaintiff "cannot be compelled to arbitrate that claim.").

To determine whether a dispute falls within the scope of an arbitration clause, the court's focus is on the "factual allegations in the complaint rather than the legal causes of action asserted." *Mutual Benefit Life Ins. Co. v. Zimmerman*, 783 F.Supp. 853, 868 (D.N.J.1992).  Consequently, an order to arbitrate should not be issued if it can be said with positive assurance that the claims fall outside the scope of the arbitration clause. See *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

The Court declines in this instance to provide an advisory opinion as to the propriety of arbitrating Defendant Kotler's potential counter claims.  As for the claims Plaintiff has asserted in the pending Complaint, there is no dispute that the parties have a valid and binding arbitration provision.  The FAA therefore compels arbitration.

The United States Supreme Court has recognized that when litigation involves a dispute that warrants a stay due to an arbitration provision, the decision to stay … "is one left to the district court . . . as a matter of its discretion to control its docket." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).

### b. Uncontested Motion to Vacate Default

Federal Rule of Civil Procedure 1 prescribes that the rules governing civil actions "be construed and administered to secure the

just, speedy, and inexpensive determination of every action and proceeding." Therefore, a motion that has not been opposed may be granted as uncontested if doing so secures the just, speedy, and inexpensive determination of an action or proceeding.

Local Civil Rule 7.1 requires that motions be made on at least 24-days notice. L.Civ.R. 7.1(a). Defendants A to Z filed its motion on August 22, 2014. (D.E. 17). Opposition to any motion is due at least 14 days prior to the original return date, unless the Court otherwise orders or an automatic extension is obtained. L.Civ.R. 7.1(d)(2). The Court established deadline for the motion to be decided was October 6, 2014. Plaintiff did not oppose the motion or request another extension of time to respond. The motion was then properly considered unopposed within the requirements of Local Civil Rule 7.1. The motion is not offensive and the relief requested is not unjust. The motion will for all of the foregoing reasons be granted as uncontested.

### IV.   **CONCLUSION**

This Court concludes that the arbitration provision in the Agreement between the parties is valid and controlling, and Defendant Kotler's motion for a stay of the litigation pending arbitration should be granted. Furthermore, Defendant A to Z's motion to vacate default is uncontested.

For the foregoing reasons, and good cause shown,

6

IT IS on this Tuesday, October 14, 2014,

**ORDERED** that defendant A to Z's motion to vacate the August 1, 2014 entry of default is granted pursuant to Fed.R.Civ.P. 55(c); and it is further

**ORDERED** that defendant Kotler's motion to compel Plaintiff to arbitrate the claims asserted in the Complaint is granted; and it is further

**ORDERED** that this case is stayed as to all parties pending completion of arbitration with the American Health Lawyers Alternate Dispute Resolution Service.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/14/2014 6:17:21 PM

7